IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOB ROSS, INC., | ) |
| *Plaintiff,* | ) ) ) No. 1:20-cv-00987-LO-JFA |
| v. | ) ) |
| RIP N DIP, INC., *et al.,* | ) ) ) |
| *Defendants.* | ) |

## ORDER AND CONSENT INJUNCTION

This action was commenced by Plaintiff, Bob Ross, Inc. ("BRI") against Defendants Rip N Dip, Inc. ("Rip N Dip"), Zumiez, Inc. ("Zumiez"), and Ryan O'Connor ("O'Connor") (collectively, "Defendants"). BRI and Defendants have agreed to settle this matter and to terminate this action by entry of an Order and Consent Injunction which implements certain terms of their settlement agreement, as follows:

### BACKGROUND

1. This is an action for alleged acts of misappropriation of the Bob Ross right of publicity under Florida Stat. § 540.08, federal trademark infringement under 15 U.S.C. § 1114(1), false designation of origin under 15 U.S.C. § 1125(a), and trademark infringement and unfair competition under Virginia law. The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. This Court has personal jurisdiction over Defendants. Venue is proper in this judicial district.

2. BRI, a Virginia corporation with its principal place of business at 13882 Park Center Road, Herndon, Virginia 20171, is the sole and exclusive owner of all rights, title, and

1

interest in and to all intellectual property rights relating to the late artist, painting instructor, and television personality Bob Ross, including without limitation the Bob Ross right of publicity (which includes the Bob Ross name, image, and likeness), and the trademarks and copyrights attached hereto as Exhibit A (collectively, the "Bob Ross IP"). For the avoidance of doubt, the Bob Ross IP does not include any future intellectual property (including trademarks, patents, and copyrights) which is not specifically set forth on Exhibit A hereto.

3. Since as early as 1984 and continuing to the present, BRI has used and licensed the Bob Ross IP, including his name, image, and likeness, for use on and in connection with painting and art supplies, instructional books and videos, apparel, toys, games, novelty items, and other merchandise.

4. Defendant Rip N Dip is a California corporation having its principal place of business at 724 Kohler Street, Los Angeles, California 90021. Rip N Dip sells through its retail stores and online a wide variety of apparel, skateboards and related accessories, and other merchandise items.

5. Defendant Zumiez is a Washington corporation having its principal place of business at 4001 204th Street SW, Lynnwood, WA 98036. Zumiez, which operates retail stores throughout the United States, is the authorized reseller of Rip N Dip's products.

6. Defendant O'Connor is an individual and resident of the State of California. O'Connor is the founder and sole owner of Rip N Dip and serves as its Chief Executive Officer.

7. From 2018 to 2021, Defendants marketed and sold apparel, skateboards, accessories, and other merchandise items bearing a design called "Beautiful Mountain" (formerly called "Bob Ross"), which is depicted below:



8. BRI filed this action in this Court on August 24, 2020.

9. Without any admission of liability on the part of Defendants as to any of Plaintiff's claims, the parties have agreed to the entry of this Order and Consent Injunction which implements certain terms as set forth in the Settlement Agreement resolving the dispute between the parties.

10. Each party has read this Order and Consent Injunction and agrees to be fully bound by its terms.

**THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED** that

A. Defendants and any of their principals, shareholders, agents, servants, employees, successors, heirs, and assigns, and all those in active concert or participation with Defendants who receive actual notice of this Order and Consent Injunction by personal service or otherwise, be and are hereby immediately and permanently enjoined and restrained from using the Bob Ross IP, including without limitation the Bob Ross name, image, and likeness, the '222 Registration, the '460 Registration, or any other images, likenesses, names, or marks that are confusingly similar thereto or which otherwise resemble any of the foregoing, including without limitation:

    a. Using the Bob Ross IP in connection with the promotion, marketing, advertising, offering for sale, or sale of any goods or services in any form,

manner, or medium currently available or which hereafter may become available, including without limitation the Bob Ross name, image, and likeness, the '222 Registration, the '460 Registration, or any other names, images, likenesses, designs, logos, or marks that are confusingly similar thereto or which otherwise resemble any of the foregoing, anywhere in the world;

b. using the Bob Ross IP or any names, images, likenesses, designs, logos, or marks confusingly similar thereto in such a manner as likely to cause consumers to relate, connect, or associate Defendants with BRI, or in a manner that would falsely suggest that Defendants and/or their products and services are in any way affiliated with or sponsored or endorsed by BRI;

c. commercially exploiting the Bob Ross name, image, or likeness, or any name, image, or likeness confusingly similar thereto or which otherwise resembles the Bob Ross name, image, or likeness, in any form, manner, or medium, whether currently available or which may hereafter become available, anywhere in the world;

d. using the Bob Ross IP or any marks confusingly similar thereto in connection with the sale of any goods or services in a manner that would create a likelihood of confusion among consumers;

e. using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to mistakenly believe that any product or service advertised, promoted, offered or sold by Defendants is sponsored, endorsed, connected with, approved or authorized by BRI;

    f. purchasing any Internet search engine "keywords" that consist of or incorporate the Bob Ross IP, any variation of the Bob Ross IP, or any confusingly similar term or design, or any other trademark or design owned BRI;

    g. creating any accounts on any social media websites, email websites, virtual community websites, online message boards, or virtual worlds using any of the Bob Ross IP, including without limitation, on Facebook, Twitter, Instagram, Google+, YouTube, Tumblr, Pinterest, or Flickr; and

    h. falsely misrepresenting in commercial advertising or promotion the nature, characteristics, or quality of the goods or services offered for sale or sold by BRI or its licensees;

    i. causing likelihood of confusion or injury to BRI's business reputation and to the distinctiveness of the Bob Ross IP;

    j. engaging in any other activity constituting violation of rights of publicity, trademark infringement, or unfair competition with respect to the Bob Ross IP or BRI's rights in, or to use, or to exploit the same; and

    k. assisting, aiding, or abetting another person or business entity in engaging in or performing any of the activities enumerated in subparagraphs (a) through (j) above.

B. Further, Defendants and any of their principals, shareholders, agents, servants, employees, successors, heirs, and assigns, and all those in active concert or participation with Defendants who receive actual notice of this Order and Consent Injunction by personal service or otherwise, be and are hereby immediately and permanently enjoined and restrained from:

  Manufacturing, producing, distributing, advertising, marketing, promoting, offering for sale, or selling any products bearing the "Beautiful Mountain" design or any colorable imitation or reasonable facsimile of the "Beautiful Mountain" design, or any displays, labels, tags, boxes, or packaging bearing the "Beautiful Mountain" design or colorable imitation or reasonable facsimile thereof;

C. Except as provided in section D below, within twenty-one (21) days of the Effective Date of the parties' Settlement Agreement, Defendants shall destroy all inventory of products bearing or displaying the Beautiful Mountain design, wherever such products may be housed or stored, and certify to BRI, under penalty of perjury and within seven (7) days of the completion of such destruction, that all inventory of products bearing or displaying the Beautiful Mountain design have been destroyed and that no such inventory remains.

D. Defendants shall not be required to recall and destroy products bearing the Beautiful Mountain design that had been sold prior to November 2, 2021, either by Zumiez to consumers, or by Rip N Dip to consumers, wholesalers, and distributors other than Zumiez ("Third Party Sales"). Defendants shall have no liability for any after-market or resales of products involved in Third-Party Sales where such after-market or resales are by third parties with whom Defendants have no affiliation or connection and Defendants receive no benefit (financial or otherwise) from such after-market or resales.

E. Defendants shall have no liability for dissemination, publication or republication on the internet, social media, or elsewhere of any images of the Beautiful Mountain design or

products bearing the Beautiful Mountain design, that is done by third parties without Defendants' knowledge or consent and with whom Defendants have no affiliation or connection.

F. The Court finds that violation by Defendants of the injunctive relief set forth herein would cause irreparable harm and injury to BRI and, in such event, BRI shall be entitled to seek enforcement of the specific provisions of this Order and Consent Injunction.

G. The Court further finds that exercise of continued jurisdiction is warranted for the purpose of interpretation and enforcement of this Order and Consent Injunction and shall retain jurisdiction over the parties and the subject matter of this litigation for that purpose and for the purpose of enforcing the parties' Settlement Agreement.

H. Prior to seeking enforcement of this Order and Consent Injunction, BRI shall comply with the notice and cure provisions set forth in Section 22 of the Settlement Agreement.

I. The parties have consented to the entry of this Order and Consent Judgment without further notice.

J. Nothing in this Order and Consent Judgment shall be construed as an admission or finding of liability by any Defendants to any of Plaintiff's claims in this Action.

**DONE AND ORDERED** in Alexandria, Virginia, this 6th day of January, 2022.

_____
Liam O'Grady
United States District Judge